STATE

v.

Ovila ROSS.

No. 2001–242–C.A.

Supreme Court of Rhode Island.

Oct. 11, 2002.

Annie Goldberg, Providence.

Paula Rosin, Janice M. Weisfeld, Providence.

**ORDER**

The defendant, Ovila Ross, has appealed a judgment of conviction of first-degree sexual assault. He argued on appeal that, the state's closing argument both improperly suggested facts not in evidence and infringed on the defendant's right not to present evidence or witnesses, and further, that the trial justice erred in denying the defendant's motion for a new trial. This case came before the Supreme Court for oral argument on September 30, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Having considered the record, the parties' memoranda, and the arguments of counsel, we conclude that cause has not been shown, and we affirm the judgment of the Superior Court.

At trial, a key witness, whom we shall call Jean, testified that she and her friend,

whom we shall call Beth, attended a party at the apartment of one John Rondeau (Rondeau). Jean related that, at the party, defendant pulled her into a room, threw her onto a bed, shut the door, held her down, and forced intercourse on her. She further testified that at one point she yelled for Beth to help, but no one came to her aid. After the assault, Jean ran to find Beth and found her in the bathroom with Rondeau, who was naked from the waist down. Jean asked Beth to leave the party and, while the two were driving away, told Beth that defendant had "raped" her. Beth's testimony generally corroborated that of Jean.

The defendant's sole witness, Peter Child (Child), attended the party, and testified that he became highly intoxicated there. Child testified that he saw defendant in a bedroom trying to help Jean because she appeared sick and that eventually the door was shut. Approximately four minutes later, he claimed, Jean and defendant exited the room.

Two issues that defendant raised on appeal arose from the following statements in the state's closing argument. First, the state noted that Beth "says of being sexually assaulted" in the bathroom while Jean was in the bedroom with defendant. Second, the state summed up its argument:

"We know the defendant said he's not guilty, okay. So, prove it. Okay. All right. That's my obligation in any case and we proved it with [Jean] and [Beth] * * *"

The jury found defendant guilty of first degree sexual assault, and the trial justice denied defendant's motion for a new trial.

The defendant appealed, arguing that the state inappropriately suggested facts not in evidence during its closing argument when it suggested that Beth did not rescue Jean because she was being "sexually assaulted." The defendant claimed that this inference was inappropriate and harmful to defendant because such a reason for Beth's failure to intervene would have affected his contention that Jean and Beth were not credible witnesses. We disagree. Beth explained that she entered the bathroom with Rondeau instead of helping Jean because Rondeau had told her "it's okay," and she said, further, "I was a teenager and I had had a crush on [Rondeau] and I was stupid then." Whether the bathroom events, including Rondeau with his pants down, his statement, "come on [Beth], come on" and her answer, "no, no," amounted to "sexual assault" is irrelevant to the defense, and fails to constitute reversible error.

The defendant also argued that his right not to present evidence or witnesses was infringed by the phrase "[s]o prove it" during the state's closing argument. We agree with the trial justice that the state's comment did not suggest that defendant bore any burden. The words "[s]o prove it" could have been directed to the state, given that the prosecutor's very next words were "[o]kay, all right. That's my obligation in any case." The trial justice admonished the jury that closing argument is not evidence, and he thoroughly charged the jury on the state's burden of proof:

"Now I told you at the start of the case the burden of proof is on the state. It never shifts to the defendant. The defendant need not prove anything. The state brought the charge, the state must prove it to your satisfaction."

The state's comment, although improper, did not rise to prosecutorial misconduct that would vitiate the conviction in this case.

Last, defendant argued that the trial justice erred in denying his motion for a new trial. Specifically, he faulted the judge for not acknowledging a discrepancy

in the testimonies on whether Beth actually saw Jean being assaulted, for not finding Beth's explanation for not coming to Jean's aid "inherently unbelievable," and for finding Jean to be a credible witness despite some inconsistencies in her story, including some that conflicted with Child's testimony. We disagree.

In considering a motion for a new trial, "the trial justice [acts] as a thirteenth juror and exercise[s] his or her independent judgment on the credibility of witnesses and the weight of the evidence." *State v. Marini*, 638 A.2d 507, 515 (R.I.1994). The judge must further "articulate[ ] a sufficient rationale" for denying the motion. *State v. Banach*, 648 A.2d 1363, 1367 (1994). In this case, the judge clearly explained why he found Jean and Beth to be "believable" witnesses and why he found that the defendant's sole witness, Child, was "unbelievable" and had "a reckless recollection of what was going on." After balancing the evidence, the justice found that he would have come to the same conclusion as the jury did. He was therefore correct in denying the defendant's motion for a new trial. *State v. Banach*, 648 A.2d at 1367.

Accordingly, we deny and dismiss the defendant's appeal, affirm the judgment of the Superior Court, and return the papers of the case to the Superior Court.